### Milton Fricks v. The State.

No. 322.    Decided January 26, 1910.

**1.—Aggravated Assault—Corporation Court—Appeal—State Penal Laws.**

Under the Act of the Thirty-first Legislature an appeal from the Corporation Court of the city of Texarkana can be taken directly to the Court of Criminal Appeals; no question of the right to appeal being raised.

**2.—Same—Complaint—Affiant's Belief—Stare Decisis.**

Where upon trial for aggravated assault the complaint alleged that the affiant has good reason to believe and does believe, etc., the same was sufficient under article 257, Code Crim. Procedure; and inasmuch as a complaint made on information and belief has so long been upheld by the Court of Criminal Appeals, the question is stare decisis. Following Smith v. State, 45 Texas Crim. Rep., 411, and other cases.

**3.—Same—Evidence—Res Gestae.**

Upon trial for aggravated assault, the testimony for the State as to what took place just before the assault was made, was res gestae.

Appeal from the Corporation Court of the city of Texarkana. Tried below before the Hon. A. B. DeLoach.

Appeal from a conviction of aggravated assault; penalty, a fine of $50. The opinion states the case.

*E. Newt Spivey,* for appellant.—On question of insufficiency of complaint: 8 Cyc., 407; 12 Cyc., 290-293 and 323; Garza v. State, 11 Texas Crim. App., 410; Davis v. State, 2 Texas Crim. App., 184.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from the Corporation Court of the city of Texarkana. Appellant was tried and convicted of an aggravated assault in said court. At the first called session of the Thirtieth Legislature, in 1907 (see Special Laws, secs. 131-2, p. 851), the charter of the city of Texarkana in Bowie County was amended, and within the limits of said corporation there was created what is called a Corporation Court of the city of Texarkana, Texas, and jurisdiction was conferred in said court to try all misdemeanor criminal cases arising within the corporate limits of said city arising under the criminal laws of the State of Texas, and the jurisdiction of the County Court of Bowie County, Texas, was made to conform to the changes made in said Corporation Court. The Thirty-first Legislature amended the charter of the city of Texarkana, and among other provisions of said amendment, it was provided that appeals should be had from said Corporation Court directly to the Court of Criminal Appeals of Texas from every conviction had for violation of the penal laws, and that appeals from said Corporation Court shall in all regards as far as practicable be governed by the laws of the State of Texas regulating appeals from the County Court to the Court of Criminal Appeals.

This preliminary statement is made to show the authority by which this case is in this court. No question is made on this appeal as to the constitutionality of the court or of the right of appellant to appeal directly from the Corporation Court to this court. In the case of Ex parte Abrams, 56 Texas Crim. Rep., 465, 120 S. W. Rep., 883, the constitutionality of the law conferring the power upon the Corporation Court to try cases was upheld by this court,

Counsel for appellant, in their brief, insist that the court below erred in not sustaining appellant's motion to quash the complaint, and the contention is made that the complaint is insufficient because it states that the affiant has good reason to believe and does believe that appellant had committed an aggravated assault, and that such an affidavit will not authorize an arrest and prosecution, that the same is violative of section 9, article 1, of the Constitution, which reads as follows: "The people shall be secure in their persons, houses, papers, and possessions from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." A complaint made on information and belief has been before our court in several cases. An affidavit similar to the affidavit in this case has been upheld in the following cases: Brown v. State, 11 Texas Crim. App., 451; Clark v. State, 23 Texas Crim. App., 260; Hall v. State, 32 Texas Cr. Rep., 594; Anderson v. State, 34 Texas Crim. Rep., 96, and Smith v. State, 45 Texas Crim. Rep., 411. It may be stated, however, that in none of the above cited cases was the constitutional question raised. The court simply held in those cases that a complaint which alleged that affiant had good reason to believe and did believe that a certain party committed an offense was sufficient. Without committing ourselves as to what might be our views were this an original proposition before us, we do not feel justified in breaking away from the unbroken line of authorities upon this question. In the case of Dupree v. State, 119 S. W. Rep., 301, our Supreme Court had occasion to review section 9, article 1, of the Constitution in the search and seizure feature of the section, and while that court did not hold that an affidavit founded upon belief would invalidate the warrant, as the case went off on other grounds, yet the reasoning of the Supreme Court in that case rather supports the position taken by appellant here. However, in view of the unbroken line of authorities on the subject we do not feel disposed to adopt a new or different rule. Article 257 of the Code of Criminal Procedure in setting forth what a complaint shall contain, states that the affiant shall swear that a crime has been committed, or that he has good reasons to believe and does believe that a certain party committed the crime. This is the only article of the Code of Criminal Procedure that provides that an affidavit may be made in this way.

We have not before us the charge of the court below; the record contains two bills of exception as to questions propounded to the State's witnesses when they were on the stand as to what took place just before the assault was made. This was part of the res gestae of the transaction, and was admissible.

Finding no errors in the record, the judgment is in all things affirmed.

*Affirmed.*