### WILL LOFTUS v. THE STATE.

No. 14027.    Delivered April 1, 1931.

The opinion states the case.

*J. V. Patterson* and *A. B. Cates,* both of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being two years in the penitentiary.

The indictment charged appellant with having sold to one B. J. Timmins "Spirituous, vinous and malt liquor, *capable* of producing intoxication." Timmins testified that he and two other men went to appellant's tent to get "some liquor and some beer. * * * We asked him if he had anything to drink. He said yes, he had *liquor* and *beer*. I bought a pint of *liquor* and the *other parties* got a *case of beer.*"

Timmins further testified that after they reached town the sheriff got after them and that he broke the bottle of "liquor" on the sidewalk. The

sheriff testified that Timmins and the other parties with him were driving through the public square at a great rate of speed and that he intercepted them and stopped the car; that Timmins "threw a pint bottle of *liquor* against the sidewalk and broke it." There is not a word of testimony found in the record as to the kind of liquor purchased by Timmins. This court will take judicial knowledge that "beer" is intoxicating, but there was no claim that Timmins bought any beer, and the record shows affirmatively that the other parties with him bought the beer. This court will also take judicial knowledge that whisky is an intoxicating liquor, but there is no testimony in this record that the "liquor" referred to by the sheriff and Timmins was whisky, or any other character of intoxicating liquor.

In this state of the record this court can do nothing less than reverse because of an absence of proof that the liquor claimed to have been sold by appellant to Timmins was intoxicating.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*