E. W. POWITZKY v. THE STATE.

No. 19774. Delivered May 25, 1938.

The opinion states the case.

*W. Ray Scruggs,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is perjury; the punishment, confinement in the penitentiary for two years.

Pat Patterson, a deputy sheriff, and E. N. Martin, a highway patrolman, arrested appellant during the night of August 29, 1935, for operating an overloaded truck. At the time appellant was arrested Patterson searched him and secured a manifest from his purse. After appellant had been incarcerated in jail he filed a complaint against Patterson charging him with having stolen $600 from him. On the 11th of December, 1935, the grand jury of Polk County returned an indictment against appellant in which it was alleged, in substance, that he com-

mitted perjury when he swore to the complaint charging Patterson with the offense of theft. Upon the trial of the perjury indictment Martin and Patterson denied that any money had been taken from the purse of the appellant. It was appellant's version that he had $600 in currency in his purse at the time he was arrested, and that when his purse was later returned to him in the jail he discovered his money had been taken. In short, it was appellant's contention that at the time he filed the complaint he believed and had good reason to believe that Patterson had stolen his money. It was the theory of the State, given support in the evidence, that appellant was not possessed of $600 on the occasion of his arrest, and, further, that he had charged Patterson with the offense of theft in an effort to bring about the dismissal of the complaints charging that he operated an overloaded truck.

In the indictment the complaint appellant lodged against Patterson was set forth as follows: "That Pat Patterson on or about the 29th day of August A. D. 1935 and before the making and filing of this complaint, in the County of Polk and the State of Texas, did then and there unlawfully and willfully and fraudulently take from the possession of E. W. Powitzky six hundred ($600.00) dollars in lawful United States money in denominations as follows, to-wit. (6) six, one hundred dollar bills, the same being the corporeal personal property of the said E. W. Powitzky of the value of six hundred ($600.00) dollars, without the consent of the said E. W. Powitzky, with the intent to deprive the said E. W. Powitzky of the value thereof and with the intent to appropriate the same to the use and benefit of him the said Pat Patterson, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State."

The complaint relied upon by the State to support the foregoing quoted averment appears to have been made upon belief, it being averred that appellant had good reason to believe and did believe and charge that Patterson committed the offense of theft, etc. It is appellant's contention that a fatal variance is presented. We are constrained to agree with him. In 48 Corpus Juris 884 it is said: "The indictment or information, when the testimony was given upon information, knowledge, and belief, must negative not only the truth of the oath, but also the information and belief. So where accused has testified as to his 'belief,' the 'belief' should be negatived." In State v. Coyne, 114 S. W. 8, it is said: "The object of the assignment of perjury is to falsify by averments in the indictment those parts of the defendant's statements on oath which is intend-

ed to charge him on the trial with having committed the offense in question. And in negativing the defendant's oath where he was sworn only to his belief, it should be averred either that the defendant did not believe what he swore, or that he believed and well knew the statements made by him, under oath, were false." If the complaint had been correctly set forth in the indictment it would have been necessary for the pleader to have averred either that appellant did not believe what he swore, or that he believed and well knew that the statements made by him under oath were false. It is observed that when the complaint was introduced in evidence appellant properly objected on the ground that there was a variance. The objection should have been sustained.

It is shown in bill of exception No. 5 that Pat Patterson, a witness for the State, would have testified if permitted that shortly after appellant had been placed in jail in 1935 he (Patterson) hit appellant on the head with a key ring "with a number of keys on it." The State's objection to this testimony was sustained, notwithstanding appellant's counsel advised the court that said testimony was offered for the purpose of showing the animus of the witness. We are of opinion that the bill of exception reflects reversible error. We quote from Branch's Ann. P. C., Sec. 163, as follows: "Though the witness admits bias or prejudice the extent of it may be shown." We quote further from said section: "The accused may prove that a witness who testified to material facts for the State had abused and insulted him."

Over appellant's proper objection, as shown in bill of exception No. 7, the State was permitted to prove that H. J. Hendrix, an attorney who had been employed by appellant to represent him on the trial of the complaints charging the operation of an overloaded truck, suggested to the authorities, in appellant's presence, that appellant "would forget the $600" he had lost in the event the authorities dismissed the cases against the appellant. It appears that appellant was under arrest at the time this statement was made. Under the terms of Article 727, C. C. P., appellant's objection was well taken.

The State's Attorney before this Court confesses error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.