# GURNIE GRIFFIN V. THE STATE.

No. 20386.   Delivered April 26, 1939.
Rehearing Denied June 7, 1939.

The opinion states the case.

*Jimmie MacNicoll* and *John A. Ballowe,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for sale of intoxicating liquor in dry area. The punishment assessed is confinement in the county jail for a period of nine months.

Appellant's first complaint is that the court erred in declining to instruct the jury to return a verdict of not guilty because the complaint, which is the basis of this prosecution, is made by affiant upon information and belief and is therefore insufficient under Art. 1, Sec. 5 of our Constitution. That an indictment for perjury could not be sustained on an affidavit made on information and belief even though it was false. Art. 222, C. C. P., prescribes the requisites of a complaint. Sec. 2 thereof reads as follows: "It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense."

If an affiant had no good reason to believe that another committed an offense against the laws of this State, but made a complaint in which he charged that he had good reason to believe and did believe that such person committed an offense, he would be guilty of malicious prosecution, though he might not be convicted of perjury or false swearing. A complaint is not insufficient merely because an affiant states that he has good reason to believe and does believe that a certain person offended against the laws of the State. Complaints of this character have been held sufficient in the following cases:

Fricks v. State, 58 Texas Crim. Rep., 100; 124 S. W., 922; Anderson v. State, 34 Texas Crim. Rep., 96; Branch's Ann. P. C., Sec. 478 and authorities cited.

Appellant next complains of the court's charge relative to the punishment that may be imposed for the sale of beer containing alcohol in excess of four per centum by weight in dry area. He contends that the punishment prescribed by Sec. 41 of Art. 666 P. C., (As amended, Acts 1937, 45th Leg., H. B. No. 5, c. 448 Sec. 39), applies to the sale of whisky in dry area, while the punishment prescribed by Sec. 26 of Art. 667 P. C., (As amended Acts 1937, 45th Legis., 1st. C. S., S. B. No. 20, Sec. 20), applies to the sale of beer in dry area. After a careful study of the Liquor Control Act as amended by the 45th Leg., we are convinced that the punishment prescribed by Sec. 41 of Art. 666 P. C. applies to the sale of beer as well as whisky in dry area, while Sec. 26 of Art. 667 P. C. applies to a failure on the part of a transporter to comply with the method of transporting beer across dry area.

Appellant also challenges the sufficiency of the evidence to show that the sale of beer took place in dry area as charged in the complaint and information. It was shown that an election was held within and for Justice Precinct No. 3 of Dallas County on June 12, 1897, for the purpose of determining whether the sale of intoxicating liquors should be prohibited within said justice precinct. The returns were canvassed and tabulated on the 23rd day of June, which disclosed that 597 votes were cast for prohibition and 280 against prohibition. That an order was duly made and entered on the minutes of the Commissioners' Court, declaring the result of the election as stated, and prohibiting the sale of intoxicating liquor within the precinct. That the County Judge of Dallas County duly published his proclamation in the manner and for the length of time required by law, and that no election has since been held within said territory legalizing the sale of intoxicating liquor within said territory. J. T. Prewitt testified that on the 20th day of May, 1938, he purchased from appellant at his place of business, four bottles of beer known as "Grand Prize Beer." That this took place in Justice Precinct Number Three, although he did not know exactly the boundary lines of said precinct. Mr. Henson, a chemist, testified that he made an analysis of the beer and found that its alcoholic content was 4.6 per centum by volume. What constitutes "alcoholic beverage" is defined by Sec. 3a of Art. 666 P. C. (See also subsection (b) of Sec. 4, Art. 666, P. C. which prohibits the sale of beer in dry area.)

It may be true that Prewitt did not know exactly where the boundary lines of Justice Precinct Number Three were; yet appellant's place of business may have been so near the center of said precinct that the witness knew it was within said precinct. It is our opinion that the evidence is sufficient to sustain the jury's verdict. There is no merit in appellant's contention that the boundary lines of the precinct may have been changed since the election was held in 1897. Even if that were true, the same territory would nevertheless be dry area. The Commissioners' Court, by abolishing Precinct Number Three and combining it with a wet precinct, could not make that territory wet area. The only way that could have been accomplished would have been by a vote of the people who reside in said area which was voted dry in 1897. See Houchins v. Plainos et al, 110 S. W. (2d) 549 and authorities therein cited.

Appellant's other contentions have been examined by us and are deemed to be without merit.

No error of a reversible nature appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.

As we understand appellant's motion for rehearing he is insisting that Art. 222 C. C. P. which permits an affiant to predicate a complaint on the statement that he "has good reason to believe and does believe," etc., is violative of Art. 1, Sec. 5 of the State Constitution, which reads: "No person shall be disqualified to give evidence in any of the courts of this State on account of his religious opinions, or for the want of any religious belief, but all oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury."

Appellant bases his contention on the proposition that a person can not be prosecuted for perjury for making a false and untrue statement on information and belief.

First, we think appellant misconstrues or misapplies Sec. 5, Art. 1 of the Constitution. It has reference to administering oaths to a witness who proposes to give evidence in court. He

shall not be denied that right because of his religious belief or because he has none. The oath administered to him should be the one most binding on his conscience, and whatever be the character of the oath so administered it will subject the witness to the penalty of perjury if he gives false testimony. In Campbell v. State, 43 Texas Crim. Rep. 602, the same contention was made as is here presented. In construing Sec. 5, Art. 1, Judge Davidson said: "A casual inspection of this section shows that it applies to witnesses while giving evidence."

Second, we are not inclined to commit ourselves to the correctness of appellant's proposition that an affiant could not be prosecuted for perjury who in a complaint for the basis of a prosecution swears that he "has good reason to believe and does believe" that the accused committed the offense charged in said complaint. While not holding directly that perjury could be assigned upon such a complaint it is strongly intimated that by proper pleading it could be done in Powitsky v. State, 134 Texas Crim. Rep. 613, 117 S. W. (2d) 72. There accused had made a complaint that he "had good reason to believe and did believe" that one Patterson had committed the crime of theft. The grand jury returned an indictment against Powitzky alleging that he committed perjury when he swore to said complaint, but failed in the indictment to deal with the fact that in the complaint accused had sworn that he had good reason to believe and did believe that Patterson had committed the offense of theft. When the complaint was offered in evidence objection was interposed that a variance existed between it and the averments in the indictment. It was said in the course of the opinion: "If the complaint had been correctly set forth in the indictment, it would have been necessary for the pleader to have averred either that appellant did not believe what he swore, or that he believed and well knew that the statements made by him under oath were false."

Supporting the statement there were cited 48 Corp. Juris, Sec. 134, p. 884, and State v. Coyne, 214 Mo. 344, 114 S. W. 8, 21 L. R. A. (N. S.) 993. In addition, we refer to 21 Ruling Case Law, Sec. 14, p. 268. If a party makes oath that he has "good reason to believe and does believe" that a person has committed a certain offense it might be difficult to prove that he did not believe it, or that he had no good reason to so believe, and yet such averments are not impossible of proof. It is frequently difficult to prove many averments necessary to charge some offenses, but the difficulty of proof does not dispense with the necessity of the averments.

The State's pleading charged that in Justice Precinct No. 3

—alleged to be dry territory—of Dallas County, appellant sold "an alcoholic beverage containing alcohol in excess of one-half of 1 per cent by volume, to-wit: beer." The evidence shows that the beer sold was Grand Prize beer and that it contained 4.6 per cent alcohol by volume. Appellant contends that before he could be convicted for selling beer in a dry area the evidence must show that the beer sold contained 4 per cent of alcohol by *weight,* and that there is no evidence to that effect in the present record. Our present statute specifically makes it an offense to sell "beer"—naming it among other liquors—in dry area. Art. 666-4, Sec. (b), Vernon's Texas P. C., Vol. 1, Acts 1937, 45th Leg., p. 1053, ch. 448. Under the present law it was sufficient to describe the liquor sold as "beer" only. The pleader here amplified the description in saying it was an alcoholic beverage containing in excess of one-half of 1 per cent of alcohol by volume. The proof showed the volume to be over that alleged. Art. 666-3a of the Liquor Control Act heretofore referred to defines "Alcoholic Beverage" as "any beverage containing more than one-half of 1 per cent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted." We fail to discover wherein the facts proven fall short of making a case under the present law.

We note the following expression in appellant's motion for rehearing. "This court has never up to this writing taken judicial knowledge that beer is intoxicating." Apparently appellant has overlooked a long line of decisions expressly holding that we would take such judicial knowledge. See Tyson v. State, 116 Texas Cr. R., 272, 32 S. W. (2d) 458, and cases there cited; Loftus v. State, 118 Texas Cr. R., 296, 37 S. W. (2d) 158; Knudson v. State, 120 Texas Cr. R., 196, 47 S. W. (2d) 620; Texas Digest, Vol. 11, Cr. Law, Key No. 304 (20).

We have discussed all questions presented in appellant's motion and find nothing which leads us to believe our original disposition of the case was erroneous.

*The motion for rehearing is overruled.*