### FRED SPENCER V. THE STATE.

No. 21525. Delivered June 4, 1941.
Rehearing Granted October 15, 1941.

The opinion states the case.

*Allen Grundy,* of Memphis, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The conviction is for the offense of selling beer in a dry area; punishment, a fine of $50.00.

Appellant raises the same question relative to the repugnancy contained in the complaint and information that is found in the case of Herman Bell v. State, our No. 21473, this day decided (Page 390 of this volume). In this cause there also appears the allegation that appellant sold in a dry area "beer, an alcoholic beverage containing more than one-half of one per cent of alcohol by volume, same being an intoxicating liquor," etc.

In the Bell case we held that such phrase: "same being an intoxicating liquor," did not allege that this alleged sale of beer did not also denominate the same as liquor as such is defined in Art. 666-3a, P. C. That ruling is here adherred to, this phrase being but a generic term, and merely describing such beer as an intoxicant.

Appellant has reserved a bill of exceptions to the testimony of the county clerk who, after having testified to the different orders and election of 1911 that resulted in the County of Hall being declared a dry area, was then asked if any further elec-

tion had been had changing such dry status of the county. Appellant objected to the witness answering the question on the ground that the minutes of the court would have been the best evidence of such a matter. The objection of the appellant was overruled, and the witness answered that there had been other elections held since 1911, but they had not changed the dry status of the county. While this answer may have been a conclusion and not the best evidence, it would probably be in a sense a shorthand rendition of what the records of such county would show. These records since 1911 to the time of trial were surely rather voluminous, and to have brought them in before the jury and have them examined would have been a useless consumption of time. This witness was the county clerk in whose custody these minutes were kept, and we think he, having examined these large and voluminous records, could give his conclusions as to whether or not there was shown in such books any election that permitted the sale of intoxicating liquors in Hall County since the year 1911.

Mr. Underhill on Criminal Evidence, (3d. Ed.), Sec. 98, says:

"To prevent the time of the court from being unduly occupied in the examination of numerous and bulky books of account and other writings to prove a single fact, the production of the writings may be dispensed with and a witness who has examined the documents may state orally the result of the examination which he has made out of court. This rule is applicable only where the books are multifarious and voluminous, and the jury would find it difficult if not impossible to ascertain anything material from their inspection."

We do not think any error is presented by this record, and judgment will therefore be affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

On the original submission of this case the matter hereinafter treated was not sufficiently called to our attention so that the same was noticed. It is now thus offered as a fundamental error, and we herein quote from the brief filed relative to this motion by our State's Attorney before this court:

"The contention is made by the appellant that fundamental error was committed by the trial court in giving an instruction

to the jury as to the punishment that might be assessed, for the offense of selling beer in a dry area,. the instruction given as the punishment that might be assessed being that prescribed by Article 667, Section 26 of the Penal Code. On motion for rehearing the contention is made that no penalty at all could be assessed because Articles 666 and 667 both prohibit the sale of beer in a dry area and the punishment fixed in Article 666, Section 41, is different from that fixed in Article 667, Section 26, and therefore the penalty is of such an indefinite nature that it cannot be applied and therefore you have a prohibition without a penalty. It will be seen that Article 666 of the Penal Code covers exhaustively the regulation of the sale of all types of beverages containing alcohol, including beer, and by its terms prohibits the sale of all types of beverages containing alcohol, including beer, and fixes a penalty for their sale. The underlying purpose of Article 667, on the other hand, is not to deal with the prohibition absolutely of the sale of beverages containing alcohol but rather is intended to deal with the manner of handling beer where it is legal. Ex parte Meadows, 100 S. W. (2d) 704. It will thus be seen that when the whole Texas Liquor Control Act is considered and the legislative intent ascertained that there is no conflict as contended by the appellant. Also it has been expressly held by this court in the case of Griffin v. State, 128 S. W. (2d) 1197, that the provisions of Article 666, Section 41, applied to a prosecution for the sale of beer in a dry area and is the punishment that shall be assessed in a case of conviction, and that the penalty provided in Section 26, Article 667 of the Penal Code does not apply to the sale of beer in a dry area.

"It appears that the trial court, in his charge to the jury, instructed that in the case of a conviction punishment should be as prescribed by Article 667, Section 26. Upon conviction appellant was assessed a fine of fifty dollars. This was less than the minimum authorized by the applicable statute, and it is therefore error. Martin v. State, 114 S. W. (2d) 554."

The punishment for a sale of beer in a dry area as shown by Art. 666-4, is by a fine of not less than $100.00 nor more than $1,000, *or* by imprisonment in the county jail for not more than one year.

The motion for a rehearing will be granted, the judgment of affirmance set aside, and the judgment now reversed and the cause remanded.