Charles Terrell **KOHLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45411.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied March 7, 1973.

Michael Ramsey, of Haynes & Fullenweider, Ray A. Bass, III, Houston, for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. The judge assessed the punishment at two years.

The sole complaint is that the wife of the appellant was improperly cross-examined.

After receiving a telephone call from an informant, W. M. Prewitt, a narcotics officer of the Texas Department of Public Safety, and others met an automobile approaching Austin from the south. After pursuing the car for some ten miles at high rates of speed they stopped it with the assistance of the Austin police department. Charles Kohler and his wife were passengers in the back seat. The automobile smelled of smoke from burned marihuana. During a pat down search of Charles Kohler, the officers spotted what appeared to be a bag of marihuana in Kohler's left shirt pocket. The bag was taken and it was shown to have contained 2.8 grams of marihuana.

Appellant contends that the trial court erred in allowing the State, during cross-examination of his wife, to show that he had been previously convicted of possession of marihuana. The State argues that the elicitation of such information was proper to aid the jury in evaluating her credibility and also to show how her bias could lead her to falsify her testimony.

After the two officers had testified about finding the marihuana in the shirt and that they found a jacket in the back seat, appellant's wife was called as a witness for the defense. She testified that the appellant had no knowledge of the marihuana, that a girlfriend had given her the marihuana the night before, and that she had placed the marihuana, State's Exhibit No. 2, in one of the jacket pockets. According to her testimony, her husband had no knowledge of the marihuana being in the jacket. On cross-examination she admitted having peyote in one of the jacket pockets but denied that she had ever seen a surgical type instrument which was found in the jacket. In pursuing its cross-examination, the State inquired as follows:

"Q. When this friend of yours gave you this State's Exhibit 2, is that the first time you have ever seen marijuana?

"A. Yes, sir.

"Q. Under oath, that is the first time you have ever seen marijuana?

"A. Yes, sir.

"Q. You never saw your husband, Terry Kohler, with marijuana?

"A. No, sir.

"Q. Under oath, you never saw your husband, Terry Kohler, ——

"A. He has never had any.

"Q. He has never had any marijuana?

"A. No, not that I have seen him.

"MR. RAMSEY: I didn't hear that last remark.

"A. Not that I have seen.

"Q. You do know to the contrary, do you not, Mrs. Kohler?"

At this point, the jury was retired and counsel for appellant objected that this was an obvious attempt by the State to elicit evidence about an extraneous offense and that such was improper. The State countered that such was admissible to impeach

this witness who had made a broad brush claim that appellant had never possessed marihuana. The witness was permitted to testify that the appellant had been convicted for the possession of marihuana in Kleberg County and was placed on probation. The court admitted the evidence for the limited purpose of aiding the jury in passing on the credibility of the witness, but not to go to the guilt or innocence of the defendant for the offense charged and so instructed the jury when it was brought back in. This same instruction was included in the court's written charge to the jury. There was no objection that the cross-examination of the wife was beyond the scope of direct examination. The case will be considered only on the objection made.

Wide latitude is allowed in cross-examination when its purpose is to bring out facts which will give to the jury the attitude, motive and interest which may be affecting the testimony of a witness. Jackson v. State, Tex.Cr.App., 482 S.W.2d 864. In Crist v. State, 21 Tex.App. 361, 17 S.W. 260, this Court held that the State may prove by a witness who testified to material facts in favor of the accused that she had lived in adultery with him and had visited him in jail.

The witness here voluntarily stated that her husband had never had any marihuana before the prosecutor finished his question, then when asked by the prosecutor, "He has never had any marijuana?" she answered, "Not that I have seen." Such a statement suggests that the witness was attempting to cover facts that would or might be indicative of reasons for her to falsify her testimony. She knew that appellant had been previously convicted of possession of marihuana and even testified that she was in the courtroom when he was convicted and received probation. Her testimony continued with the statement by her that she would be in a better position to receive probation if convicted of the present offense than appellant.

Even though the witness testified that she had a better chance of receiving probation which showed her bias and motive, the State was properly permitted to inquire of her to ascertain the extent of her bias or interest. Jackson v. State, supra; Powitzky v. State, 134 Tex.Cr.R. 613, 117 S.W.2d 72. Under the circumstances of this case the unveiling of her knowledge of his prior conviction served as an aid to the jury in determining the extent of her bias.

No reversible error being shown, the judgment is affirmed.