Hector BERNAL, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 03–99–00321–CR.**

Court of Appeals of Texas, Austin.

March 2, 2000.

Connie J. Kelley, Austin, for Appellant.

C. Bryan Case, Jr., Asst. Dist. Atty., Austin, for State.

Before Justices JONES, YEAKEL and PATTERSON.

LEE YEAKEL, Justice.

A jury found appellant guilty of aggravated robbery and assessed punishment, enhanced by two previous felony convictions, at imprisonment for thirty-three years. *See* Tex. Penal Code Ann. § 29.03 (West 1994). Appellant's only issue on appeal poses the question whether the admission in evidence of an unsworn out-of-court statement violated article I, section 5 of the Texas Constitution. We will answer this question in the negative and affirm the conviction.

Three men robbed Brian Mikulencak at knifepoint on a sidewalk near the University of Texas campus. Moments later, Mikulencak stopped Austin police officer Daryl Burrell, reported the robbery, and described the assailants. Meanwhile, another officer stopped an automobile with five occupants, one of whom matched the description given by Mikulencak. Mikulencak was taken to the location where the car had been stopped. There, he identified three persons as the men who robbed him. Although Mikulencak was unable to identify appellant at trial, Burrell testified without objection that Miku-lencak identified appellant as one of the robbers on the night of the crime.

Appellant concedes that Mikulencak's identification of him minutes after the robbery was an excited utterance, and hence not excludable under the hearsay rule. *See* Tex.R. Evid. 803(2). But as appellant correctly notes, evidence within the scope of an exception to the hearsay rule may be inadmissible on other grounds. *See King v. State,* 953 S.W.2d 266, 269 n. 5 (Tex.Crim.App.1997). Appellant contends that admission of an unsworn hearsay statement violates article I, section 5 of the Texas Constitution, which provides:

No person shall be disqualified to give evidence in any of the Courts of this State on account of his religious opinions, or for the want of any religious belief, but all oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury.

Appellant asserts that this contention was not waived by his failure to object, citing the "right not recognized" exception to the contemporaneous objection rule. *See Black v. State,* 816 S.W.2d 350, 368 (Tex. Crim.App.1991) (Campbell, J., concurring).

Article I, section 5 refers to the administration of the oath to a witness who proposes to give evidence in court. *See Griffin v. State,* 137 Tex.Crim. 231, 128 S.W.2d 1197, 1200 (1939) (op. on reh'g). On its face, it does not apply to out-of-court statements, and appellant cites no authority holding that it does.

The various exceptions to the hearsay rule are based on the understanding that the circumstances under which a statement is made may adequately substitute for the ideal testimonial conditions of oath, presence at trial, and cross-examination. *See* 2 Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal* § 801.1 (Texas Practice 2d

ed.1993). The reliability of a hearsay statement can be inferred without more when it falls within a firmly rooted hearsay exception. *See Idaho v. Wright,* 497 U.S. 805, 815, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). The excited utterance exception is firmly rooted. *See White v. Illinois,* 502 U.S. 346, 355 n. 8, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992); *Penry v. State,* 903 S.W.2d 715, 751 (Tex.Crim.App.1995).

Assuming that appellant's contention is properly before us, we hold that the admission of an unsworn hearsay statement does not violate article I, section 5 of the Texas Constitution. The judgment of conviction is affirmed.