Roshone Johnson v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-174-CR

     ROSHONE JOHNSON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court No. 5
Tarrant County, Texas
Trial Court # 0717038
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Appellant Johnson appeals his conviction for Assault with Bodily Injury, for which he was
sentenced to 90 days in the county jail.
      Appellant was originally charged by Information with “Assault with Bodily Injury to a
Family Member of the Defendant.” The State asked to amend the Information by deleting the
language “a family member of the defendant,” and to proceed on the case “as a simple assault
with bodily injury.” The court granted the State’s request over appellant’s objection. The
court further denied appellant’s request for an additional ten days to prepare for trial.
      Tamara Iloff, the victim of the assault, did not testify. All testimony regarding the assault
came from Officer W.T. Watkins. Officer Watkins testified as to the details of the assault
according to what Ms. Iloff had told him.
      A jury found appellant guilty. Appellant elected to have the Judge assess punishment,
who assessed appellant 90 days in the county jail.
      Appellant appeals on 3 points of error.
      Point 1: “The trial court erred in admitting hearsay statements made by the victim that
violated appellant’s right to confrontation under the Texas and United States Constitutions.”
      Point 2: “The trial court erred in admitting statements made by the victim that violated
Rule 803 of the Texas Rules of Evidence.”
      Officer Watkins testified that he was dispatched on a call at 5:16 a.m. to the Victorian Inn,
and that he arrived on scene at 5:18 a.m. He testified that Tamara Iloff, the victim, met him in
the breeze way; that she was very upset; she looked like she had been in a fight; that he saw
that her left shin was bleeding; her hair was messed up; her face, shoulders and arms were red;
she was crying; very emotional; not only upset but angry; and that he and Ms. Iloff spoke
together 25 or 30 minutes.
      Ms. Iloff told Officer Watkins that at about 5 a.m., her common law spouse, Roshone
Johnson (Appellant) began to assault her by hitting her, slapping and kicking her; and that he
beat her up.
      Officer Watkins checked the room where Ms. Iloff and Appellant had been staying and
saw that the room had been torn up, the mattress knocked off the box springs, and there was
broken glass and beer bottles in the room. Appellant was not there.
      Defense counsel objected to Officer Watkins’ testimony stating what the victim had told
him, as follows:
            Defense Counsel:Objection, Judge, hearsay and also violates the right of
confrontation and the United States Constitution, and also
irrelevant.
 
            The Court:               Response.
 
The State:Your honor, this qualifies under the excited utterance
exception to the hearsay rule.
 
The Court:Objection overruled.
 
Defense Counsel:Judge, may we have a running objection to all
statements made by Tamara Iloff.
 
The Court:You may.

      Officer Watkins then testified that Ms. Iloff told him that appellant had beaten her up; that
appellant was her common law spouse; and that they had lived together for a while; and that
Ms. Iloff continued to cry and was very upset.
      To preserve error for appellate review, the complaining party must make a timely specific
objection. The objection must be made at the earliest possible opportunity. The complaining
party must obtain an adverse ruling from the trial court. Finally, the point of error on appeal
must correspond to the objection made at trial. Turner v. State, 805 S.W.2d 423, 431 (Tex.
Crim. App. 1991).
      We first address appellant’s second point, that the trial court erred in admitting statements
made by the victim, that violated Rule 803 of the Texas Rules of Evidence.
      Tex. R. Evid. 803(2) provides that statements relating to a startling event or condition
made while the declarant was under the stress or excitement caused by the event or condition,
are admissible as exceptions to the hearsay rule.
      The critical factor in determining when a statement is an excited utterance under Rule
803(2), is whether a declarant was still dominated by the emotions, excitement, fear or pain of
the event. Lawton v. State, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995).
      The admissibility of an out of court statement under the exceptions to the general hearsay
exclusion rule is within the trial court’s discretion. Id., p. 553; Coffin v. State, 885 S.W.2d
140, 149 (Tex. Crim. App. 1994).
      It is clear from Officer Watkins’ testimony that Ms. Iloff was still in the emotional grip of
the assault. He was at the scene at 5:18 a.m; the assault had occurred at 5:00 a.m. Officer
Watkins saw Ms. Iloff. He noticed she was bleeding and red, and she was crying. Under
these facts, the trial court did not err in holding that Ms. Iloff’s out-of-court statements to
Officer Watkins were excited utterance under Tex. R. Evid. 803(2), and that Officer Watkins’
testimony reciting what she told him did not violate such Rule.
      Point 2 is overruled.
      Point 1 asserts the admission of statements made by the victim violated appellant’s right of
confrontation under the Texas and U.S. Constitutions.
      Since Appellant did not object at trial on the basis of the Texas Constitution, we will
address only his assertion that admission of the victim’s out-of-court statements violated his
right of confrontation under the U.S. Constitution.
      Officer Watkins testified as to what Ms. Iloff told him as to who her assailant was and
what he did to her.
      The preference for live testimony is because of the importance of cross examination “the
greatest legal engine ever invented for the discovery of truth.” The courts have adopted the
general rule prohibiting the receipt of hearsay evidence. But where proffered hearsay has
sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule,
as in this case, the confrontation clause is satisfied. White v. Illinois, 112 S.Ct. 736, 743
(1992); Bernal v. State, 13 S.W.3d 852, 854 (Tex. App.—Austin 2000, pet. ref’d).
      The testimony of Officer Watkins as to what Ms. Iloff told him was thus admissible, and
was not in violation of appellant’s right of confrontation under the U.S. Constitution.
      Point 1 is overruled.
      Point 3: “The trial court erred in denying appellant’s request for ten additional days to
prepare for trial after the state amended the information.”
      The State did not amend the information. It merely abandoned a portion of the charge. In
such situations, Article 28.10 Tex. Code Crim. Proc. (which provides for 10 days additional
time for preparation for a defendant where an indictment or information is amended), is not
applicable. Stockton v. State, 756 S.W.2d 873, 876 (Tex. App.—Austin 1988, no pet).
      Point 3 is overruled.
 

      The judgment is affirmed.



                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 27, 2000
Do not publish



 so deficient that
the defendant was deprived of a fair trial. See Strickland v. Washington, 466 U.S. 668, 690, 104
S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984); Stafford v. State, 813 S.W.2d 503, 505-06 (Tex. Crim.
App. 1991). There is no suggestion here that trial counsel's performance was deficient. We
overrule issue six.
      Issue seven, regarding a “sudden passion” jury instruction, is dependent on our finding error
in issues four or five. Because we have overruled issues four and five, we likewise overrule issue
seven.
voluntary intoxication
      In issue eight, Gonzales complains that the court commented on the weight of the evidence
by including an instruction in the charge that “voluntary intoxication does not constitute a defense
to the commission of a crime.” Gonzales objected to the instruction.
      Both Gonzales and the State agree that the court may not express an opinion on the weight of
the evidence. Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 1999). Gonzales argues
that there was no evidence that he was intoxicated at the time of the offense and thus the
instruction is a comment on the evidence. 
      The State argues that the court must instruct the jury on the law applicable to the case. Id.;
Taylor v. State, 885 S.W.2d 154, 157 (Tex. Crim. App. 1994). Gonzales testified that he began
drinking heavily after seeing his son's injuries on July 17 and that he continued drinking the day
of the offense.


 The last thing Gonzales remembered about that night was buying beer at a store
for the second time that day. Witnesses in the bar testified that he ordered and drank a beer just
before the shooting. Gonzales testified that he had alcoholic blackouts. Dr. Price testified
extensively about alcoholism and its effects on Gonzales. He testified that, because of their high
tolerance, alcoholics can appear to not be intoxicated. Price also testified about alcoholic
blackouts.
      The court's instruction tracks the language of section 8.04 of the Penal Code. Tex. Pen.
Code Ann. § 8.04. Given the evidence that Gonzales consumed alcoholic beverages right up to
the time he shot the victims, the court did not err in instructing the jury on voluntary intoxication. 
We overrule issue eight.
      We affirm the judgment.
 
                                                                       BILL VANCE
                                                                       Justice

Before Justice Davis,
          Justice Cummings, and
          Justice Vance
(Justice Cummings not participating)
Affirmed
Opinion delivered and filed March 3, 1999
Do not publish