ACCEPTED
14-15-00263-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/31/2015 2:33:48 PM
CHRISTOPHER PRINE
CLERK

# No. 14-15-00263-CR

In the
## Court of Appeals
For the
## Fourteenth District of Texas
At Houston

————————◆————————

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

12/31/2015 2:33:48 PM

CHRISTOPHER A. PRINE
Clerk

No. 1408375
In the 232nd Criminal District Court
Of Harris County, Texas

————————◆————————

## JAVARA PRICE

*Appellant*
V.

## THE STATE OF TEXAS

*Appellee*

————————◆————————

## STATE'S APPELLATE BRIEF

————————◆————————

DEVON ANDERSON
District Attorney
Harris County, Texas

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

AIMEE BOLLETINO
WILLIAM COWARDIN
Assistant District Attorneys
Harris County, Texas

Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713·274·5826

ORAL ARGUMENT NOT REQUESTED

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State does not request oral argument.

# IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Complainant:*
   **Joel Fraustro**

*Counsel for the State:*
   **Devon Anderson** — District Attorney of Harris County
   **Bridget Holloway** — Assistant District Attorney on appeal
   **Aimee Bollentino** — Assistant District Attorney at trial
   **William Cowardin** — Assistant District Attorney at trial

*Appellant or criminal defendant:*
   **Javara Price**

*Co-defendant:*
   **John Allen**[1]

*Counsel for Appellant:*
   **Paul St. John** — Attorney at trial
   **Patti Sedita** — Attorney on appeal

*Trial Judge:*
   **Honorable Mary Lou Keel** — Presiding Judge

---

[1] Case affirmed in *Allen v. State*, No. 14-14-00842-CR, 2015 WL 3878136 (Tex. App. — Houston [14th Dist.] June 23, 2012) (not released for publication).

i

# **TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT ............................................................. i

IDENTIFICATION OF THE PARTIES ......................................................................... i

TABLE OF CONTENTS ............................................................................................. ii

INDEX OF AUTHORITIES ........................................................................................ iii

STATEMENT OF THE CASE ..................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................ 3

REPLY TO APPELLANT'S FIRST ISSUE PRESENTED ........................................... 4

    Applicable Authority ........................................................................................... 4

    Analysis ............................................................................................................... 5

       A. Fraustro's Statements to the Detective Were Excited Utterances. ................. 5

       B. Regardless, Any Error In Admission of Testimony Was Harmless. ............... 8

REPLY TO APPELLANT'S SECOND ISSUE PRESENTED ........................................ 10

    Standard of Review ............................................................................................. 10

    Analysis ............................................................................................................... 11

CONCLUSION ......................................................................................................... 13

CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE ....................... 14

# INDEX OF AUTHORITIES

C_ASES_

*Adames v. State,*
353 S.W.3d 854 (Tex. Crim. App. 2011)......................................................................10

*Bernal v. State,*
13 S.W.3d 852
(Tex. App. —Austin 2000, pet. ref'd) ............................................................................8

*Brooks v. State,*
323 S.W.3d 893 (Tex. Crim. App. 2010)....................................................................10

*Carrizales v. State,*
414 S.W.3d 737 (Tex. Crim. App. 2013)......................................................................11

*Evans v. State,*
480 S.W.2d 387 (Tex. Crim. App. 1972).......................................................................5

*Hooper v. State,*
214 S.W.3d 9 (Tex. Crim. App. 2007) ..........................................................................11

*In re G.A.T.,*
16 S.W.3d 818
(Tex. App.–Houston [14th Dist.] 2000, pet. denied)................................................11

*Jackson v. Virginia,*
443 U.S. 307 (1979) ........................................................................................................10

*Johnson v. State,*
967 S.W.2d 410 (Tex. Crim. App. 1998) .......................................................................8

*Mayes v. State,*
816 S.W.2d 79 (Tex. Crim. App. 1991) ..........................................................................9

*McFarland v. State,*
845 S.W.2d 824 (Tex. Crim. App. 1992) .......................................................................6

*Ricketts v. State,*
  89 S.W.3d 312
  (Tex. App. —Fort Worth 2002, pet. ref'd)...................................................................8

*Snellen v. State,*
  923 S.W.2d 238
  (Tex. App. —Texarkana 1996, pet. ref'd)...................................................................8

*Willis v. State,*
  785 S.W.2d 378 (Tex. Crim. App. 1989) ....................................................................9

*Zuliani v. State,*
  97 S.W.3d 589 (Tex. Crim. App. 2003) ............................................................4, 5, 6, 8

## RULES

TEX. R. APP. P. 38.2(a)(1)(A).................................................................................i

TEX. R. APP. P. 39.1.............................................................................................i

TEX. R. APP. P. 9.4(g) ..........................................................................................i

TEX. R. EVID. 801(d) ...........................................................................................4

TEX. R. EVID. 802...............................................................................................5

TEX. R. EVID. 803(2)...........................................................................................5

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

Appellant, Javara Price, was charged by indictment with aggravated robbery with a deadly weapon. (CR at 10). Appellant entered a plea of "not guilty." (RRIII at 6). A jury found appellant guilty and later assessed his punishment at confinement for 19 years. (RRIV at 48; RRV at 3; CR at 100, 118). A written notice of appeal was timely filed. (CR at 122).

———————◆———————

## STATEMENT OF FACTS

One evening in November 2013, Joel Fraustro went outside his apartment to see if he could find his daughter's homework in his girlfriend's GMC Envoy. (RRIV at 6-9). As he was looking inside the Envoy, Fraustro noticed two guys approaching right before he felt a shotgun to his head. (RRIV at 12). The men demanded money and his cell phone. (RRIV at 12). Fraustro had neither on him and told them so. (RRIV at 15). After Fraustro was patted down, he was told to turn around, start walking, and he would be shot if he looked back. (RRIV at 16-17). Left with the keys to the Envoy, the two men drove off in it "through the [apartment] complex and exited out to Morley Street which is just east of Broadway street." (RRIII at 21).

Officers Cabrera and Rodriquez arrived six minutes later. (RRIII at 14-17, 62-64). Fraustro, visibly upset and shaking, told the officers that two black males, early 20s, pointed a shotgun to his head before taking his girlfriend's maroon 2003 GMC Envoy. (RRIII at 18-22). Fraustro provided the license plate number to the car and that it had a unique sticker on it in memory of the death of his girlfriend's brother-in-law. (RRIII at 65; RRIV at 25-26). The officers immediately started patrolling the area and saw nothing until they pulled into a gas station parking lot to complete their report. (RRIII at 23). At that point, Officer Cabrera noticed a maroon Envoy traveling on Morley Street. (RRIII at 25). The officers got behind the car, observed two young black men inside, confirmed the license plate and sticker, and initiated a traffic stop. (RRIII at 26-27, 65-66). The men accelerated and attempted to flee until they made a turn, lost control, and flipped the car (landing on the driver's side). (RRIII at 31, 68). A sawed off shotgun, with live ammunition, was located beneath the driver's side window. (RRIII at 42-43, 70).

With no car and fearing the men might return, Fraustro's girlfriend called a friend to give them a ride to Fraustro's father's house. (RRIV at 24). On the way to get them, the friend noticed an SUV flipped on its side nearby. (RRIV at 24). They passed the scene on the way to Fraustro's father's house and confirmed it was, in fact, their SUV. (RRIII at 33; RRIV at 24). At the scene, and 30-45 minutes after he was robbed, Fraustro identified appellant as the man who placed

2

the shotgun to his head and John Allen, the one driving the SUV, as the other. (RRIII at 35-41; RRIV at 26-28). He also identified the shotgun as the one placed to his head. (RRIV at 31).

———————◆———————

## SUMMARY OF THE ARGUMENT

*State's Reply to Appellant's First Issue Presented on Appeal:*

Because the record reflects Fraustro was "very upset," "shaking," and even "enraged," during the less than 45 minutes it took to identify appellant as the man who held the shotgun to his head, the evidence was admissible as excited utterances.

*State's Reply to Appellant's Second Issue Presented on Appeal:*

Any complaint regarding the admissibility of Fraustro's pretrial identification of appellant, outside hearsay and confrontation, was waived. Because the identification was properly admitted as an excited utterance, because appellant never challenged the out-of-court identification, and because Fraustro identified appellant in court as the man who held a gun to his head before stealing his girlfriend's car, the evidence is sufficient to support the jury's verdict.

———————◆———————

## REPLY TO APPELLANT'S FIRST ISSUE PRESENTED

In his first issue presented on appeal, appellant argues the trial court erred in denying his hearsay objections to Officer Cabrera's testimony as to what Fraustro told him when he first arrived to take the robbery report and when Fraustro identified him at the scene of the stolen wrecked car. Because the record reflects Fraustro was "very upset," "shaking," and even "enraged," during the less than 45 minutes it took to identify appellant as the man who held the shotgun to his head, the evidence was admissible as excited utterances.

### APPLICABLE AUTHORITY

The admissibility of an out-of-court statement under an exception to the general hearsay exclusion rule is within the trial court's discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). Therefore, a reviewing court should not reverse unless a clear abuse of discretion is shown. *Id.* An abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree."

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). For hearsay to be admissible, it must fit into an

4

exception provided by the rules of evidence. TEX. R. EVID. 802. One exception is for excited utterances. TEX. R. EVID. 803(2).

An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). The basis for the excited utterance exception is "a psychological one, namely, the fact that when a man is in the instant grip of violent emotion, excitement or pain, he ordinarily loses the capacity for reflection necessary to the fabrication of a falsehood and the 'truth will come out.' " *Zuliani*, 97 S.W.3d at 595 (quoting *Evans v. State*, 480 S.W.2d 387, 389 (Tex. Crim. App. 1972)). In other words, the statement is trustworthy because it represents an event speaking through the person rather than the person speaking about an event. *Id.*

### ANALYSIS

**A. Fraustro's Statements to the Detective Were Excited Utterances.**

Appellant begins his argument with Officer Cabrera being asked, "What did [Fraustro] *tell* you when you asked him what had happened?," to which appellant lodged hearsay and denial of confrontation objections. *See* Appellant's Brief at 13 (emphasis in original). Appellant's objections were overruled and appellant was granted a running objection to the officer's testimony on what Fraustro told him. (RRIII at 19). The record, however, shows that prior to Officer Cabrera testifying

to what Fraustro told him, he testified that Fraustro, only six minutes after being robbed at gunpoint, was "visibly upset" and "his hands were shaking." (RRIII at 18). Appellant makes no argument as to why this testimony, indicating Fraustro's statements were admissible as excited utterances, are insufficient to support the court's ruling. Instead, appellant argues it was error because it ultimately lead to his arrest and Fraustro's on-scene pretrial identification of him.

The evidence showed that appellant placed a shotgun to Fraustro's head before telling him he would shoot him if he looked back. Appellant and Allen then took off in Fraustro's girlfriend's car. Six minutes later, Fraustro was described as "visibly upset" and "shaking" when he told Officer Cabrera what had just happened. To determine whether a hearsay statement is admissible as an excited utterance, the court may consider the time elapsed and whether the statement was in response to a question. *See Zuliani*, 97 S.W.3d at 595. It is not, however, dispositive that the statement is an answer to a question or that it was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is an excited utterance. *See id.* at 596. The critical determination is "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event" or condition at the time of the statement. *Id.* (quoting *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)). In other words, a reviewing court must determine whether the statement

6

was made "under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection." *Id.* (quoting *Fowler v. State*, 379 S.W.2d 345, 347 (Tex. Crim. App. 1964)).

Without a doubt a startling event had occurred. The time frame between appellant leaving and Fraustro's statements to Officer Cabrera was less than 10 minutes. The record supports a finding that Fraustro was still dominated by the startling event when he recounted it to the officers. The trial court did not abuse its discretion in admitting the hearsay statements under the excited utterance exception.

Moreover, after the State established that Fraustro was still "very upset" when he arrived on the scene only 30-45 minutes after the robbery to see his girlfriend's car wrecked, appellant objected the on-scene identification was inadmissible hearsay. (RRIII at 37, 39). Appellant also took the position that there was "no relation between emotional upset status and identification."[2] (RRIII at 39). Not only did Officer Cabrera testify Fraustro was "very upset" still, but Fraustro testified he was "upset" and "enraged." (RRIV at 26). Fraustro's identification of appellant 30-45 minutes after he was robbed was admissible as excited utterance. *See Bernal v. State*, 13 S.W.3d 852, 853 (Tex. App. —Austin 2000,

---

[2] This argument appears inconsistent with his hearsay objection.

pet. ref'd) (holding that victim's identification of robber minutes after the crime was admissible as excited utterance).

Accordingly, the trial court did not abuse its discretion in overruling appellant's hearsay objections. *See Zuliani*, 97 S.W.3d at 596 (concluding statements admissible as excited utterance where declarant was scared and tired and statements were made in response to questions twenty hours after altercation); *see also Ricketts v. State*, 89 S.W.3d 312, 320 (Tex. App. —Fort Worth 2002, pet. ref'd) (concluding statements made between two and four hours after startling event admissible); *Snellen v. State*, 923 S.W.2d 238, 243 (Tex. App. —Texarkana 1996, pet. ref'd) (admitting statements made thirteen hours after startling occurrence).

**B. Regardless, Any Error In Admission of Testimony Was Harmless.**

Furthermore, even if the statements were not covered under the excited utterance exception, the admission of the testimony was harmless. The admission of inadmissible hearsay constitutes nonconstitutional error, and it will be considered harmless if the appellate court, after examining the record as a whole, is reasonably assured that the error did not influence the jury verdict or had but a slight effect. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Moreover, the improper admission of evidence is not reversible error if the same or

similar evidence is admitted without objection at another point in the trial. *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991).

Without objection, Fraustro testified to the same matter, but with more detail, as testified to by Officer Cabrera. (RRIV at 9-31). Admission of inadmissible evidence is harmless error if other evidence, proving the same fact that the inadmissible evidence sought to prove, is admitted without objection at trial. *Willis v. State*, 785 S.W.2d 378, 383 (Tex. Crim. App. 1989). Because Fraustro's testimony, admitted without objection, was the same evidence that was testified to by the officer, any error by the trial court in admitting the officer's testimony was harmless.

Appellant's first issue presented on appeal should be overruled.

———————◆———————

## REPLY TO APPELLANT'S SECOND ISSUE PRESENTED

In his last issue presented on appeal, appellant argues the evidence is insufficient to support the jury's verdict because it is based upon an unreliable identification. Appellant argues it is unreliable because of the "growing body of research on the dangers of the historical reliance in criminal investigation on eyewitness identification." *See* Appellant's Brief at 22. Because the identification was properly admitted as an excited utterance, because appellant never challenged the out-of-court identification, and because Fraustro identified appellant in court as the man who held a gun to his head before stealing his girlfriend's car, the evidence is sufficient to support the jury's verdict.

### STANDARD OF REVIEW

The sufficiency of the evidence to establish the elements of a criminal offense is reviewed under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, the evidence is viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318–19; *see also Adames v. State*, 353 S.W.3d 854, 859–60 (Tex. Crim. App. 2011). Circumstantial evidence is as probative as direct evidence in establishing the guilt

10

of the actor, and circumstantial evidence alone may be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

## ANALYSIS

First, appellant claims the evidence is insufficient to support the jury's verdict because it was based solely on Fraustro's pretrial identification of him on-scene that appellant contends was unreliable. The record reflects that no objection, other than hearsay and confrontation, was made either when Fraustro's pretrial identification of appellant was admitted into evidence or when the complainant identified appellant as the robber in court. Accordingly, any complaint regarding the admissibility of the identifications was waived. *See In re G.A.T.*, 16 S.W.3d 818, 827 (Tex. App.–Houston [14th Dist.] 2000, pet. denied) (finding the failure of the defendant to object in the trial court about the out-of-court identification procedure or the in-court identification waived any error).

Second, the record reflects Fraustro was not in the best lit parking lot, but there was some light and the interior light to the Envoy was on when appellant put a shotgun to his head and took off in his girlfriend's car. (RRIV at 14). Less than 45 minutes later, appellant was in that same car fleeing from the police. A shotgun was under the car after it flipped and landed on its side. Fraustro identified appellant in court as the man who held a shotgun to his head, as well as

11

the man he identified at the scene of the wrecked car. Fraustro's in-court testimony identifying appellant as the man who put a shotgun to his head, threatened to shoot him, and took his girlfriend's car, is evidence from which a rational trier of fact could find appellant committed aggravated robbery. Considering all the evidence in the light most favorable to the verdict, the evidence is sufficient to support the jury's verdict.

Appellant's second issue should be overruled.

———————◆———————

# CONCLUSION

It is respectfully submitted that all things are regular and that the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
713.755.5826
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

## CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE

This is to certify: (a) that the word count of the computer program used to prepare this document reports that there are 3114 words in the document; and (b) that the undersigned attorney requested that a copy of this document be served to appellant's attorney via TexFile at the following emails on December 31, 2015:

Patti Sedita
Attorney for Appellant
Email: not provided in brief, will use one on file with efile.txcourts.gov

/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
713.274.5826
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

14