**McHenry EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45011.**

Court of Criminal Appeals of Texas.

May 24, 1972.

---

Mike Barclay, Ted H. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for murder. Penalty was assessed by the jury at twenty-five years.

The record reflects that the appellant shot his estranged wife on the evening of December 14, 1968, at the Tom Thumb Shopping Center in Dallas County.

The sufficiency of the evidence is not challenged.

At the outset, appellant contends the court was in error in admitting statement of deceased's son at the scene in question.

The record reflects the following testimony of deceased's eight year old son, Gary Jackson:

"Q And you're sure that was your mother laying on the ground?

"A Yes, sir.

"Q And that was right after you heard the noises, the shots?

"A Yes, sir.

"Q Okay. Now, did you immediately, right then and there, did you run and get a police officer, who you thought was a police officer at that time?

"A Yes, sir."

After the court had overruled appellant's objection as to what the witness had told the officer, the following occurred:

"Q After you heard the shots there and you ran to the police officer, what did you tell the police officer again?

"A He shot my mother."

The witness then identified appellant as the person who shot his mother.

The appellant urges that the statements related by the witness as having been made to the officer were inadmissible as hearsay.

An important exception to the hearsay rule is the exception for spontaneous utterances. The basis underlying the admission of this class of evidence is a psychological one, namely, the fact that when a man is in the instant grip of violent emotion, excitement or pain, he ordinarily loses the capacity for reflection necessary to the fabrication of a falsehood and the "truth will out." Texas Practice, Evidence, McCormick & Ray, Sec. 913, and cases cited therein. The assertion must have been made so soon after the occurrence that the declarant is still in the emotional grip of the shocking event, and the assertion must relate to the event. Patter-

son v. State, Tex.Cr.App., 458 S.W.2d 658; Bennett v. State, Tex.Cr.App., 382 S.W.2d 930; Oldham v. State, 167 Tex.Cr.R. 644, 322 S.W.2d 616.

The record reflects that the complained of statement was made by the witness almost immediately after the shooting of his mother. The psychological factors which lend credence to a spontaneous utterance were present. An eight year old boy would undoubtedly be seized in the grip of the most violent emotion following such a startling event. This is a statement where an event is clearly speaking through the person rather than the person speaking about the event. Ricondo v. State, Tex. Cr.App., 475 S.W.2d 793; Oldham v. State, supra. The declarant himself may as a witness give evidence of his own declaration. Texas Practice, Evidence, McCormick & Ray, Sec. 912, and cases cited therein. Thus, the fact that the witness testified as to his own declaration, at the scene, does not render same inadmissible. No error is shown.

Appellant contends that the court was in error in allowing the security officer, at the shopping center where the shooting took place, to testify to hearsay statements.

Witness Busby testified after he heard "two fires, I thought it was a firecracker" and then "someone hollering and going on. . . . I went out there to investigate . . . then a little boy grabbed me around my waist, hollering and crying, 'he kill my mama.'" The complained of testimony "he kill my mama" appears to be the same statement related by the deceased's eight year old son heretofore discussed. A determination of this fact is not material since the statement made and the circumstance under which it was spoken as related by witness Busby clearly bring the utterance within the res gestae exception to the hearsay rule heretofore discussed.

Appellant contends that the court erred in admitting statements made by appellant while he was under arrest and when warnings had not been given.

The record reflects the following occurred during the testimony of witness Busby:[1]

"Q Now, Mr. Busby, after the little boy grabbed you around the waist and said, 'He shot my mama', what did you do?

"A I went out to the man (identified as appellant) and I asked him what he had done, and he was standing up beside a '58 model Chevrolet.

"Q What did this man tell you?"

(Appellant objected on the ground that the State failed to lay a proper predicate and the objection was overruled.)

"A He told me he had shot his wife and I asked him why.

"Q What did he say?"

(Appellant's objection that he was under arrest, that the proper warning had not been given and anything he said was therefore inadmissible was overruled by the court.)

"A He said 'My cup ran over.' "

■ The only objection made by appellant to the question which elicited the response that appellant had killed his wife was that the State had failed to lay the proper predicate. In Russell v. State, Tex.Cr.App., 468 S.W.2d 373, such an objection was held to be too general an objection to merit consideration. The objection now urged on appeal was not made in the trial court and thus no error is presented for appellate review. Jenkins v. State, Tex.Cr.App., 468 S.W.2d 432.

■ Still further, appellant voluntarily took the stand at the guilt stage of the trial and admitted shooting the deceased. Thus, appellant cannot question the admissibility of his admission of the shooting, at the scene as related by witness Busby. See Boothe v. State, Tex.Cr.App., 474 S.W.2d

219; Richardson v. State, Tex.Cr.App., 458 S.W.2d 665.

■ The statement of the appellant, "My cup ran over", as well as appellant's admission of the shooting appears to have been made prior to arrest and before the accusatory process began. It was not elicited as part of a custodial interrogation. We do not deem the warning required under Art. 38.22, Vernon's Ann.C.C.P., applicable under these circumstances. See Calhoun v. State, Tex.Cr.App., 466 S.W.2d 304; Hoover v. State, Tex.Cr.App., 449 S.W.2d 60; Jones v. State, Tex.Cr.App., 442 S.W.2d 698. No error is shown.

■ Appellant contends the court erred in denying him the right to confront the doctor who performed the autopsy.

Medical Secretary Betty Harrison, of the Dallas County Medical Examiners Office, identified the autopsy record of deceased as part of the business records of that office. Witness Harrison further testified that Dr. Nickey, who performed the autopsy and signed the report, had moved to Missouri. Dr. Downey, a pathologist, testified that he was able to interpret the contents of the autopsy report and based upon the report "the cause of death fundamentally was the gunshot wound." Appellant objected to Dr. Downey's testimony on the basis it was hearsay and a denial of his right of confrontation of the person who performed the autopsy. In Mahaffey v. State, Tex.Cr.App., 471 S.W.2d 801, this Court said, " . . . it was proper for a pathologist to testify to his own expert opinion based upon the autopsy report made by another pathologist. . . ." See Woodard v. State, Tex.Cr.App., 470 S.W.2d 650; Cuevas v. State, Tex.Cr.App., 456 S.W.2d 110. We perceive no error.

■ Appellant contends the court erred in admitting "irrelevant, incompetent and prejudicial evidence during the punishment hearing."

---

1. The record reflects that Busby was a uniformed private security officer at the shopping center.

Appellant's brief recites, "During the punishment hearing, the State's attorney was allowed to raise, over the objection of defense counsel, the arrest record of appellant (T. 129–131)." Appellant's brief does not set forth a ground of error in accordance with the requirements of Art. 40.09, Sec. 9, V.A.C.C.P.

Further, the only objection found at the pages cited in appellant's brief is to the State's "have you heard" question, "Object to what he was arrested for." An objection must not only identify what is objected to but must set forth the grounds for the objection. See e. g. Russell v. State, 468 S.W.2d 374. No error is shown.

The judgment is affirmed.

Opinion approved by the court.