**Ricardo MORENO, Appellant,**

v.

**The STATE of Texas.**

**No. 13–81–321–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 14, 1982.

John R. Coe, Houston, for appellant.

William A. Meitzen, Dist. Atty., Richmond, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

### OPINION

UTTER, Justice.

This is an appeal taken from a conviction for aggravated rape under § 21.03 Tex.Penal Code Ann. (Vernon 1974). Punishment enhanced by two prior convictions was assessed at life. Appellant brings two grounds of error forward on appeal. First, that there was insufficient evidence to sustain a conviction for aggravated rape and secondly, that the prosecution was improperly allowed to summarize the appellant's "pen packet".

In the present case the record indicates that the appellant abducted the prosecutrix who was a sixteen year-old female and her female companion at knife point outside a convenience store. He then put them into his van and drove to the country holding the knife as he drove. On numerous occasions he told each girl that he would hurt them if they did anything stupid. After stopping in the country, the appellant performed multiple sex acts with both girls for a period of six and one-half hours. At one point during the ordeal, the prosecutrix felt the knife against her leg while being raped by the appellant.

Both girls testified at the trial of the appellant and the record is replete with references to the appellant threatening either one or both girls with the knife. The following illustrates a few specific instances in the prosecutrix' testimony where threats were conveyed:

"A: He grabbed me with a knife and put it to my neck.

Q: Okay, what did he say?

A: He told me not to do anything stupid or he would hurt me.

\* \* \* \* \* \*

Q: What were you in fear of?

A: That he was going to kill me and C_____.

\* \* \* \* \* \*

Q: Okay, now after you got there and came to a stop, what did he tell you to do?

A: He told us to take off our clothes.

Q: Okay, and what did he tell you to do then?

A: Well, I just stood there. I didn't do anything and he put the knife back to my throat, he told me to take them off ...

\* \* \* \* \* \*

Q: And the reason you didn't try to leave is because you were in fear of death or imminent bodily injury?

A: Right."

Although the remainder of the testimony by the prosecutrix and the testimony of her companion contain numerous other references to the use of the knife and threats made by appellant, this is sufficient to illustrate the sufficiency of the evidence to sustain a conviction for aggravated rape.

This case most closely parallels *Jackson v. State*, 591 S.W.2d 820 (Tex.Cr.App.1979) wherein the prosecutrix was confronted with a knife after picking the appellant up on the road after his car had broken down. Following the initial threat, the appellant forced the prosecutrix to drive to a lake and disrobe whereupon he engaged in numerous sex acts with her over an extended period of time. In affirming the appellant's conviction for aggravated rape the Court said:

"In the present case, the evidence shows that a knife was used and that the threat of its use continued throughout the episode." *Jackson v. State, supra,* at 822.

Also analogous is *Orosco v. State,* 590 S.W.2d 121 (Tex.Cr.App.1979) where the appellant entered the home of the prosecutrix at knife point, forced her to go upstairs and disrobe and then had sex with her. In upholding the appellant's conviction for aggravated rape the Court held the evidence to be sufficient where a gun or a knife was used to compel submission. "Even after the weapon was out of sight, the threat of its use continued. We find the evidence sufficient to support the finding of a threat of death or serious bodily injury." *Orosco v. State, supra,* at 124.

The evidence regarding the presence of the knife and threats pertaining to it are much stronger in the instant case than in either *Jackson* or *Orosco.* Consequently, there was ample evidence to support a conviction for aggravated rape under § 21.03 Tex.Penal Code Ann. (Vernon 1974). See also *Twomey v. State,* 520 S.W.2d 784 (Tex. Cr.App.1975). Appellant's first ground of error is overruled.

In appellant's second ground of error appellant contends that the summarization of his "pen packet" by the prosecutor at the punishment stage was improper. The record reflects that while defense counsel objected to this, the objection was general in nature and stated no specific grounds. In order to preserve error, an objection must be specific and state the grounds thereof. *Hernandez v. State,* 599 S.W.2d 614 (Tex.Cr.App.1980); *Evans v. State,* 480 S.W.2d 387 (Tex.Cr.App.1972). In addition, appellant's brief does not allege that the summarization was inaccurate and, in fact, appellant testified to essentially the same facts at the punishment phase of the trial. No error is preserved and appellant's second ground of error is accordingly overruled.

The judgment of the trial court is affirmed.