NO. 12-03-00420-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JAMES EDWARD JONES,                               §                 APPEAL FROM THE
APPELLANT
 
V.                                                                         §                 114TH DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            James Edward Jones pleaded guilty to aggravated assault on a peace officer with a deadly
weapon. A jury assessed his punishment at imprisonment for life and no fine. In three issues,
Appellant challenges the admissibility of certain evidence and asserts that his sentence in this case
was improperly cumulated with a sentence he had previously received. We affirm.
 
Background
            As he was returning to the Smith County jail from a medical facility for treatment, Appellant 
suddenly grabbed the transport officer’s pistol. The gun discharged during the struggle, seriously
injuring the transport officer, Carolyn Hudson. Appellant left the receiving area of the jail with the
gun and continued to walk down the street, surrounded by officers. Appellant refused to drop the
gun and was subsequently shot and recaptured. Appellant was charged by indictment with
aggravated assault on a peace officer with a deadly weapon, a first degree felony. See Tex. Pen.
Code Ann. § 22.02(a), (b)(2) (Vernon Supp. 2004-05). The indictment contained an enhancement
paragraph alleging a prior felony conviction. Appellant pleaded guilty and elected to have a jury
assess punishment. The jury assessed Appellant’s punishment at imprisonment for life and no fine. 
The trial court cumulated the life sentence with a two-year state jail sentence from another county. 
This appeal followed. 
 
Admission of Photographs
            In his first issue, Appellant contends that the trial court abused its discretion by admitting into
evidence an inflammatory and prejudicial photograph, causing the jury to assess the maximum
punishment.
            During the trial, the State offered a photograph of Hudson’s identification badge. Appellant
objected that, because the photograph showed Hudson’s badge with blood on it, the photograph was
prejudicial. During the very short hearing on Appellant’s objection, the State contended that the
photograph showed Hudson’s identity as a deputy sheriff and the date she began as an officer, that
the badge was taken at the crime scene, and that she was wearing the badge when she was shot. 
Applicable Law
            Because Appellant couched his objection in terms of prejudice, the trial court was required
to conduct a balancing test to evaluate whether the probative value of the single photograph to which
Appellant objected was substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay or needless presentation of
cumulative evidence. See Tex. R. Evid. 403. 
            Rule 403 favors the admission of relevant evidence and carries a presumption that relevant
evidence will be more probative than prejudicial. Jones v. State, 944 S.W.2d 642, 652 (Tex. Crim.
App. 1996). Rule 403 requires exclusion of evidence only when there exists a clear disparity
between the degree of prejudice of the offered evidence and its probative value. Id. The decision
of whether to admit a photograph is within the discretion of the trial court. Williams v. State, 958
S.W.2d 186, 195 (Tex. Crim. App. 1997). Generally, a photograph is admissible if verbal testimony
regarding the matter depicted is admissible. Id. The trial court’s decision to admit a photograph will
be disturbed only for an abuse of discretion. Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim.
App. 1992). Among the factors to consider in determining whether the probative value of a
photograph is substantially outweighed by its prejudicial impact are the number of exhibits, whether
the photograph is black and white or color, the gruesomeness of the photograph, and the availability
of other means of proof of the issue sought to be established by the admission of the photograph. 
Williams, 958 S.W.2d at 196. Other factors are how probative the photographs are, the potential of
the evidence to impress the jury in some irrational, but nevertheless indelible way, the time needed
to develop the evidence before the jury, and the proponent’s need for the evidence. Solomon v.
State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). The courts consistently recognize that the
degree of gruesomeness of a photograph is determined, to an extent, by the gruesome nature of the
facts of the offense itself. See Williams, 958 S.W.2d at 196; Sonnier v. State, 913 S.W.2d 511, 519
(Tex. Crim. App. 1995).
            Appellant objected to the photograph of Hudson’s identification badge because there was
blood on the badge. However, in the context of the testimony of the shooting and the other evidence
adduced at the punishment hearing, as well as the fact that other cases have upheld the admission
of far more graphic or “gruesome” photographs, we cannot say the trial court abused its discretion
in admitting the photograph. See, e.g., Williams, 958 S.W.2d at 196 (trial court did not abuse
discretion by admitting photographs depicting a large amount of blood); Sonnier, 913 S.W.2d at 519
(trial court did not abuse discretion by admitting photographs depicting victims’ bodies, as
discovered, in bathtub of bloodied water). Moreover, although the photograph of Hudson’s badge
seems to have a relatively low probative value, the prejudicial impact is also low, particularly in light
of the testimony describing Appellant’s struggle with Hudson over her revolver, Hudson’s
description of the injury and damage to her leg caused by the bullet, and Hudson’s description of the
impact of the injury on her life’s work. Further, in light of the testimony regarding Hudson’s injury,
the photograph had only a slight potential, if any, to improperly impact the jury. Finally, although
the State did not have an absolute need for the photograph to establish the elements of the crime,
very little time was spent offering and seeking admission of the photograph. Therefore, we hold that
the trial court did not abuse its discretion by admitting the photograph.
            Even if the trial court erred in admitting the photograph, Appellant cannot establish harm as
a result. In reviewing a nonconstitutional error, we review the entire record to determine whether
the alleged error affects substantial rights. Tex. R. App. P. 44.2(b). In light of the totality of the
evidence, as well as the extensive and graphic testimony regarding the nature of the injury to
Hudson, the photograph had no influence, or at most a very slight influence, on the trial. As such,
Appellant would not be entitled to reversal even if the trial court had abused its discretion in
admitting the photograph. See Tex. R. App. P. 44.2(b). Appellant’s first issue is overruled.
 
Admission of Hearsay Testimony
            In his second issue, Appellant contends the trial court erred in permitting, over objection, the
testimony of Officer Mathis, who, after hearing screams from the jail’s sally port, ran to ascertain
the nature of the problem. Officer Mathis saw Hudson lying on the floor of the sally port in a large
pool of her own blood. Mathis asked Hudson what happened, and she replied, “My prisoner shot
me.” Appellant objected that Hudson’s response to Mathis was hearsay. The trial court overruled
the objection and allowed the statement to be admitted.
Applicable Law
            Admissibility of an out-of-court statement under a hearsay exception is reviewed under an
abuse of discretion standard. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). 
Therefore, an appellate court should not reverse unless there is a clear abuse of discretion. Coffin
v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). An abuse of discretion occurs when the trial
court’s decision “was so clearly wrong as to lie outside that zone within which reasonable persons
might disagree.” Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). 
            Hearsay is “a statement, other than one made by the declarant while testifying at the trial or
hearing, offered in evidence to prove the truth of the matter asserted.” Tex. R. Evid. 801(d). For
hearsay to be admissible, it must fit into an exception provided by a statute or the rules of evidence,
such as the excited utterance exception. Zuliani, 97 S.W.3d at 595. An excited utterance is a
statement relating to a startling event or condition made while the declarant was under the stress of
excitement caused by the event or condition. Tex. R. Evid. 803(2); Salazar v. State, 38 S.W.3d 141,
154 (Tex. Crim. App. 2001). The basis for the excited utterance exception is “a psychological one,
namely, the fact that when a man is in the instant grip of violent emotion, excitement or pain, he
ordinarily loses the capacity for reflection necessary to the fabrication of a falsehood and the ‘truth
will [come] out.’” Evans v. State, 480 S.W.2d 387, 389 (Tex. Crim. App. 1972). An excited
utterance statement “is trustworthy because it represents an event speaking through the person rather
than the person speaking about the event.” Zuliani, 97 S.W.3d at 595. Among the factors to
consider in determining whether a hearsay statement is admissible as an excited utterance are the
time that elapsed between the triggering event and the subsequent statement and whether the
statement was in response to a question. Id. at 595-96. However, the critical determination is
“whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event”
or condition at the time of the statement. Id. at 596 (quoting McFarland v. State, 845 S.W.2d 824,
846 (Tex. Crim. App. 1992)).
            In the present case, Hudson’s statement to Mathis was in response to Mathis’s general
question of “what happened.” However, Hudson’s statement was made immediately after being
shot, while she was still lying in her own blood and in great agony from the gunshot. Clearly, from
the testimony of the parties, Hudson was “still dominated by the emotions” and the pain of the
shooting just moments before. Further, it must be noted that Hudson’s response was consistent with
Appellant’s plea of guilty to the charge that Appellant, Hudson’s prisoner, had shot her. The trial
court did not abuse its discretion in overruling Appellant’s objection to the statement on hearsay
grounds, nor did the trial court abuse its discretion in admitting the statement. Appellant’s second
issue is overruled.
 
Cumulation of Sentences
            In his third issue, Appellant contends that the trial court improperly cumulated his sentence
with a previous sentence. Appellant had been sentenced to two years in a state jail prior to the trial
of the present case and was under the sentence when the trial court, on motion from the State, 
cumulated the sentence in this case with the previous sentence.
Applicable Law
            We apply an abuse of discretion standard to review a sentence imposed by a trial court. 
Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The controlling statute, Article
42.08(a) of the Code of Criminal Procedure, provides that the court, in its discretion, can impose a
second sentence to “begin when the judgment and the sentence imposed . . . in the preceding
conviction has ceased to operate, or that the sentence imposed . . . shall run concurrently with the
other case. . . .” Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Pamph. Supp. 2004-05); see
also Pettigrew v. State, 48 S.W.3d 769, 770 (Tex. Crim. App. 2001). It has been noted that “Texas
trial courts have the discretion to order cumulative sentences in virtually every case.” Millslagle v.
State, 150 S.W.3d 781, 784 (Tex. App.–Austin 2004, pet. dism’d, untimely filed). 
            In the present case, Appellant had been sentenced to state jail both when the present offense
occurred and when the present sentence was imposed. It was within the trial court’s discretion,
pursuant to Article 42.08 (a), to order the present sentence to run cumulatively with the previous
state jail sentence. Therefore, Appellant has not shown error. Appellant’s final issue is overruled.
 
Disposition
            Having overruled Appellant’s three issues, the judgment of the trial court is affirmed. 



                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered June 30, 2005.
Panel consisted of Worthen, C.J., and Griffith, J.
DeVasto, J., not participating.














(DO NOT PUBLISH)