

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00803-CR

Robert Adrian **RENDON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 5521
Honorable N. Keith Williams, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  December 13, 2017

AFFIRMED

Robert Rendon appeals his conviction for attempted capital murder.[1] His sole issue is that

the trial court erred by admitting hearsay testimony identifying him as the individual who had shot

a police officer during a traffic stop. We affirm the trial court's judgment.

---

[1] This court issued an opinion in *Rendon v. State*, No. 04-16-00014-CR, 2017 WL 3722035 (Tex. App.—San Antonio Aug. 30, 2017) (no pet.) (mem. op., not designated for publication), involving the same defendant and the same testimony, but a different conviction.

## BACKGROUND

Bradley Durst, an officer with the Fredericksburg Police Department, stopped a vehicle based on his suspicion that the driver was intoxicated. During the course of the stop, the driver of the vehicle shot Officer Durst and drove away from the scene. Approximately forty-five minutes to an hour later, Jared Moore, a deputy with the Kendall County Sheriff's Office, was dispatched to a residence in response to a report of a woman banging on the door for help. Deputy Moore arrived at the residence and the woman, Tanya Flores, said she was in the vehicle when her cousin, Rendon, shot Officer Durst. Officer Durst was wearing a bulletproof vest and survived the shooting.

Rendon was indicted for attempted capital murder, a charge to which he pled not guilty, and the case proceeded to a jury trial. Deputy Moore was a testifying witness for the State. When Deputy Moore was asked to testify about who Flores had identified as the shooter, Rendon objected on hearsay grounds. The State argued Flores's testimony was admissible under the excited utterance exception. The trial court overruled Rendon's objection and ruled Deputy Moore could testify Flores had identified Rendon as the shooter. The jury found Rendon guilty and assessed his punishment at life imprisonment. After the trial court imposed the sentence, Rendon filed a timely notice of appeal.

## DISCUSSION

Rendon contends the trial court erred by admitting Deputy Moore's testimony about Flores's statement because it was hearsay and not admissible under the excited-utterance exception. "The admissibility of an out-of-court statement under the exceptions to the general hearsay exclusion rule is within the trial court's discretion." *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). "An abuse of discretion occurs only when the trial judge's decision was

so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.* (internal quotation marks omitted).

"Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." *Id.* (citing TEX. R. EVID. 801(d)). A trial court may admit a hearsay statement if it "fit[s] into an exception provided by a statute or the Rules of Evidence." *Id.* (citing TEX. R. EVID. 802). "One such exception is Rule 803(2), the excited utterance exception." *Id.* Texas Rule of Evidence 803(2) provides an "excited utterance" is "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2). The basis for this exception is the psychological principle that when a declarant "is in the instant grip of violent emotion, excitement or pain, he ordinarily loses the capacity for reflection necessary to the fabrication of a falsehood and the truth will [come] out." *Evans v. State*, 480 S.W.2d 387, 389 (Tex. Crim. App. 1972) (internal quotation marks omitted).

Before the trial court overruled Rendon's hearsay objection, Deputy Moore testified he saw Flores sitting on a bench to the left of the residence's front door. He stated "she was very upset, crying, hysterical, with her hands up to her face." He testified that once he started walking up to the gate, "she got up and started walking towards [him], still crying, upset." Deputy Moore stated she "was very upset throughout pretty much the whole time," and "was gasping for air . . . . Basically she was freaking out." He further stated that while Flores was in this state of mind, she identified Rendon as the individual who shot Officer Durst.

After this testimony, the trial court admitted a video recording taken from the camera on Deputy Moore's dashboard.[2] The video recording shows that after Deputy Moore pulled up to the

---

[2] Rendon did not object to the trial court admitting the video recording.

residence, Flores approached Deputy Moore and was crying. This first part of the conversation is inaudible, but approximately two minutes into the conversation, Flores identified the driver of the car as Rendon. She said approximately thirty minutes prior, she was in a car with Rendon, he was pulled over, and then he shot a police officer. She also stated Rendon would not allow her to get out of the car after the shooting, but Rendon had slammed on the brakes when they were "down the street" and she "had to run." Flores was asked whether the house where she was found was "the closest house," but her response is inaudible. Flores continued crying throughout the conversation, had difficulty annunciating words, and had trouble with completing sentences during the time she was explaining what had occurred.

Rendon argues the excited-utterance exception does not apply because Flores identified Rendon as the shooter in response to police questioning nearly an hour after the shooting. He further argues Flores's emotional state at the time she identified Rendon as the shooter is not controlling. "However, it is not dispositive that the statement is an answer to a question or that it was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is admissible under the excited utterance hearsay exception." *Davis v. State*, 268 S.W.3d 683, 703 (Tex. App.—Fort Worth 2008, pet. ref'd) (citing *Zuliani*, 97 S.W.3d at 596). "The critical determination is 'whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event' at the time of the statement." *Id.* (quoting *Zuliani*, 97 S.W.3d at 596).

Although Flores's statement was made in response to police questioning, approximately forty-five minutes to an hour after the shooting, these facts are not dispositive. *See id.* This is not a case, such as the one relied upon by Rendon, in which the record shows there was a significant delay combined with other facts establishing the statement was "not a spontaneous utterance resulting from impulse." *Cf. Vera v. State*, 709 S.W.2d 681, 683-84 (Tex. App.—San Antonio

1986, pet. ref'd) (holding an eleven-year-old declarant's outcry of sexual abuse was not an excited utterance when there was a five-hour delay and declarant had conversations with family members and a police officer denying sexual abuse when a second officer was able to persuade the declarant to describe the offense). The record shows Flores identified Rendon as the shooter while she was still under the stress of emotions caused by the shooting and the subsequent events. We cannot say the trial court's determination that Flores's statement falls within the excited-utterance exception lies outside the zone of reasonable disagreement. *See Zuliani*, 97 S.W.3d at 595. We hold the trial court did not abuse its discretion by admitting Deputy Moore's testimony that Flores identified Rendon as the shooter. *See id.*

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH