

# NUMBER 13-18-00327-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JORGE ALBERTO ALCALA,**                                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

## On appeal from the 138th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

By two issues, appellant Jorge Alberto Alcala challenges his conviction for evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A). First, appellant contends that the trial court improperly admitted hearsay evidence, causing reversible error. Second, appellant asks that the admission of certain hearsay testimony

be considered constitutional error as a violation of the Confrontation Clause under the Sixth Amendment, thereby giving cause for reversal. We affirm as modified.

## I. BACKGROUND

Appellant was charged by indictment with the third-degree felony of evading arrest or detention with a vehicle. *See id.* He was found guilty after a jury trial and, after pleading true to two enhancement allegations, his punishment was enhanced to second-degree felony range. *See id.* § 12.42(a). The jury assessed punishment at thirteen years in the Texas Department of Criminal Justice–Institutional Division and a $10,000 fine.

At trial, the State presented video footage from the dashcam of Officer Juan Iracheta of the San Benito Police Department. The footage showed that, on October 6, 2017, the officer attempted to initiate a traffic stop of a white Jeep after it ran a red light. About fifteen to twenty seconds after running the red light, the Jeep pulled into a gas station parking lot and stopped briefly before circling to exit the parking lot onto a frontage road. Just before pulling onto the frontage road, the Jeep stopped and a passenger, Joe Anthony Gonzalez (also known as Kirby), exited the vehicle. According to Iracheta, Kirby exclaimed "I don't want to get involved in the incident" as he exited the Jeep. The Jeep then sat still for two and a half minutes before proceeding onto the frontage road. Iracheta proceeded to arrest Kirby for public intoxication and later took him to the police station for booking. Meanwhile, Officer Ariel Villafranca and another officer pursued the Jeep for two and a half minutes, exceeding 100 miles per hour, before they gave up the pursuit.[1] The officers did not see the driver's face at any point during the pursuit.

---

[1] Villafranca explained that "[t]he sergeant at the time advised us to just disengage the pursuit due to unsafe speeds because of the other driver, the driver of the jeep."

While Iracheta was booking Kirby, Kirby's cell phone was sitting on a table, with the screen facing up, when it received a call. According to the record, the name that appeared on the screen was that of appellant. Iracheta testified that he asked Kirby about the call, and Kirby responded: "This is the driver."

Lorrisa Longoria, appellant's girlfriend at the time of the incident, testified that appellant had possession of her vehicle on the day of the incident. Longoria's family members informed her that her Jeep was involved in a pursuit, at which time she checked her text messages. Longoria had many missed calls and messages from appellant. One message said, "Don't ask questions just report the jeepstolen [sic] and you don't know Kirby and my name is Juan Gonzales but don't ever say my name please!!" Longoria testified that appellant came to her house after the incident and told her that he was the one driving the Jeep. When asked if appellant told her why he fled the police, she testified: "Yes. He said that he was getting pulled over because he had ran a red light, and I asked why didn't you stop. He said because I'm on parole and if I get pulled over and they catch me[,] I'm going to go away for a long time." After the incident, appellant led Longoria to the place where her Jeep was hidden; he left and she drove the Jeep to the police station where a search was conducted on the vehicle. A third person's ID was found under the front passenger seat of the car and Longoria testified that it belonged to a person whom she saw in her vehicle when it was originally taken by appellant. Longoria's testimony also reflects a plan between appellant and herself to pin the incident on Longoria's brother, but the plan was not followed through.

Appellant was convicted of evading arrest in a motor vehicle. This appeal followed.

## II. DISCUSSION

### A. Hearsay and Exceptions

By his first issue, appellant contends that the trial court abused its discretion in admitting hearsay testimony at trial.

#### 1. Applicable Law and Standard of Review

We review a trial court's admission or exclusion of evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). Therefore, a reviewing court should not reverse unless a clear abuse of discretion is shown. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). An abuse of discretion occurs when the trial court acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *Montgomery*, 810 S.W.2d at 380. We will sustain a trial judge's admission of evidence if the decision is correct under any theory of applicable law. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is generally inadmissible, but there are exceptions, including present sense impressions and excited utterances. *See* TEX. R. EVID. 803(1), (2). A "present sense impression" is a statement describing or explaining an event or condition, made while or immediately after the declarant perceived it. TEX. R. EVID. 803(1). An "excited utterance" is a statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused. TEX. R. EVID. 803(2). The basis for the excited utterance exception is "a psychological one, namely, the fact that when a man is in the instant grip of violent emotion, excitement or pain, he ordinarily loses the capacity for reflection necessary to the fabrication of a

falsehood and the 'truth will out.'" *Evans v. State*, 480 S.W.2d 387, 389 (Tex. Crim. App. 1972). In determining whether hearsay is admissible as an excited utterance, we consider three factors: (1) the "exciting event" should be startling enough to evoke a truly spontaneous reaction from the declarant; (2) the reaction to the startling event should be quick enough to avoid the possibility of fabrication; and (3) the resulting statement should be sufficiently "related to" the startling event as to ensure the reliability and trustworthiness of that statement. *McCarty v. State*, 257 S.W.3d 238, 241 (Tex. Crim. App. 2008). The critical determination is "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event" at the time of the statement. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9, 14 (Tex. Crim. App. 1994).

The erroneous admission of hearsay evidence is non-constitutional error and as such must be disregarded unless it affects the substantial rights of the defendant. *See* TEX. R. APP. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (evaluating error in admission of hearsay testimony under the standard for non-constitutional error); *Linney v. State*, 401 S.W.3d 764, 780 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (same). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). In our harm analysis, we evaluate the entire record on appeal to determine whether the error affected the jury's verdict. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001). If, after evaluating the record as a whole, we have fair assurance "that the error did not influence the jury or had but a slight effect," then a

criminal conviction will not be overturned. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). Moreover, as held by the Texas Court of Criminal Appeals, "any error in admitting the evidence [is] harmless in light of other properly admitted evidence proving the same fact." *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999).

### 2. Analysis

At trial, the State called Iracheta to the stand and explored the events that transpired while Iracheta was booking Kirby. The State asked the officer for Kirby's response to the cell phone ringing; this drew a timely hearsay objection which was initially sustained by the court. The State then made arguments for two exceptions to the rule against hearsay: (1) present sense impression and (2) excited utterance. The record reflects that the court admitted the evidence under the excited utterance exception but did not rule on the present sense impression argument. On appeal, the State argues both exceptions.

As to the excited utterance exception, the State argues that the "startling event" was the "receiving of a phone call from the Appellant while being booked for a public intoxication arrest following the evading arrest in a motor vehicle incident." In reference to the amount of time between a startling event and the utterance, the State points to *Zuliani*, where as many as twenty hours had passed and the declarant was still held to be under stress and emotion of the event. *See* 97 S.W.3d at 596. However, in *Zuliani* the intense nature of the startling event caused severe injury to the declarant, including an scalp wound in need of stiches, which was still untreated at the time of the declaration. *See id.*

Appellant argues that it may be inferred from the trial record that Kirby was no

6

longer emotionally dominated by the events surrounding the evading arrest incident, and that the event of the phone call alone did not startle Kirby into producing a truly spontaneous reaction. Appellant also notes that Kirby's statement "was not spontaneously made; rather, Officer Iracheta's [sic] elicited the statement while [Kirby] was under custodial interrogation." But the fact that a declarant's statement is a response to a question does not render the statement non-spontaneous. *Id.* (citing *Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995)).

The State offers no argument to support its claim that a ringing cell phone qualifies as a "startling event" and the record is void of any reference to the declarant's emotional state at the time of the declaration. There is no evidence showing that Kirby was startled by the event or that the event itself was startling enough to evoke a truly spontaneous reaction. *See McCarty*, 257 S.W.3d at 241.

The State contends that Kirby's statements, if not excited utterances, are present sense impressions, but it offers no support for that argument. Appellant argues that Kirby's hearsay statement was not a present sense impression because it "lacked the spontaneity and contemporaneity required under Rule 803(1)." *See* Tex. R. Evid. 803(1). Citing a case out of the El Paso Court of Appeals, appellant asserts that "[w]here there is an opportunity for the declarant to have reflected on the event or condition such that the statement is no longer contemporaneous, then the statement does not properly fall within this exception." *See Beauchamp v. State*, 870 S.W.2d 649, 653 (Tex. App.—El Paso 1994 pet. ref'd). Appellant also asserts "the statement will not properly fall within this exception where it expresses an opinion (rather than an explanation) about the event or condition." *Id.* The statement in *Beauchamp* was an officer's opinion on whether the

7

defendant was intoxicated. *See id.* The court noted that the declarant's reflection took place not only on previous events and conditions but also on the subsequent facts and information learned. *Id.* In other words, the officer stated an opinion on the defendant's intoxication, learned new information over nineteen minutes later, and then changed his opinion. Furthermore, the court noted that "a statement of opinion about a condition or event, as opposed to a statement of description or explanation about something observed or otherwise sensed," is not a present sense impression. *Id.* at 652.

Here, there was a ringing cellphone, appellant's name on the screen, a quick question, and a response: "That's the driver." The record does not indicate reflection on the ringing cell phone but simply a quick question and answer. Moreover, the answer is not an opinion about the phone ringing; rather, it is a report of the caller's previous actions. If Kirby had said, "I think he's calling to talk about running from the police," then it would clearly be an opinion about why the phone was ringing. If he had said, "The phone is ringing," then it would be a simple description of the event. "That's the driver," however, does not describe the event of a phone ringing; it offers information from outside the event by describing what the caller was doing earlier. *Cf. Brooks*, 990 S.W.2d at 286–87 (finding no abuse of discretion in admitting, as present sense impression, witness's testimony that declarant "said [appellant and others] were jacking [the victim]," where declarant was describing the event that he had just witnessed).

Assuming, without deciding, that the trial court abused its discretion in admitting the hearsay testimony, we conclude that its admission was harmless. A review of the entire record gives us fair assurance that the hearsay evidence's effect on the jury was slight to none. Other properly admitted evidence shows appellant was driving the vehicle

8

at the time of the attempted traffic stop. Specifically, appellant told the vehicle owner (Longoria) that he was driving the Jeep, ran a red light, and would not pull over because he did not want to be caught while on parole. Additionally, text messages and conversations between the appellant and Longoria indicate a plan to blame the situation on Longoria's brother. Longoria knew appellant had her vehicle at the time the pursuit took place. This evidence was admitted at trial without objection.

Appellant argues, in support of his argument that he suffered harm, that "[Kirby]'s hearsay statement was the only direct identification evidence that placed [appellant] behind the wheel of the vehicle" and that Longoria's testimony was circumstantial. But "[c]ircumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt." *Winfrey v. State*, 393 S.W.3d 763, 771 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). The properly admitted evidence proves the same fact proved by the hearsay evidence, making its admission harmless. *See Brooks*, 990 S.W.2d at 287 ("[A]ny error in admitting the evidence was harmless in light of other properly admitted evidence proving the same fact."). We overrule appellant's first issue.

## B. Confrontation Clause

By his second issue, appellant argues that the court erred by admitting the hearsay evidence because it violated his Sixth Amendment right to confront witnesses.

### 1. Applicable Law and Standard of Review

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend VI. "This

bedrock procedural guarantee applies to both federal and state prosecutions." *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008) (quoting *Pointer v. Texas*, 380 U.S. 400, 403 (1965)). A witnesses' out-of-court statement, that is also testimonial, is barred by the Confrontation Clause, unless the witness is unavailable and the defendant had an opportunity to cross-examine the witness. *See Crawford v. Washington*, 541 U.S. 36, 59 (2004). "[E]ven if the Sixth Amendment is not solely concerned with testimonial hearsay, that is its primary object, and interrogations by law enforcement officers fall squarely within that class." *Id.* at 53. However, interrogations by law enforcement do not always produce hearsay that is testimonial. *See, e.g.*, *Davis v. Washington*, 547 U.S. 813 (2006).

Generally, preserving error for appellate review requires a timely objection, stating specific grounds to make the trial court aware of the complaint, unless the grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1); TEX. R. EVID. 103(a).

> The basic principle of both rules is that of party responsibility. Thus, the party complaining on appeal (whether it be the State or the defendant) about a trial court's admission, exclusion, or suppression of evidence must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule [or statute] in question and its precise and proper application to the evidence in question.

*Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002). In preserving error, the issue is whether the complaint on appeal was raised at the trial level. *Id.* at 337. Failure to properly object constitutes a forfeiture and an appellant may not argue that complaint for the first time on appeal. *Id.*

## 2.    Analysis

At trial, defense counsel objected to the admission of the testimony as inadmissible hearsay. The objection was specifically and solely on the grounds of hearsay with no indication of any other objection. On appeal, appellant claims that his trial counsel

10

preserved error "in objecting to [Kirby's] statement as a violation of his right to cross-examine a proponent of testimonial evidence when the proponent is under custodial interrogation," but appellant cites to nowhere in the record where this objection may be found.

The State argues that the issue has not been preserved for review. We agree. There must be a timely objection made at trial, and the issue on appeal must comport with the objection. TEX. R. APP. P. 33.1; *Martinez*, 91 S.W.3d at 335. Here, when the State elicited hearsay evidence, defense counsel objected only on the basis of inadmissible hearsay. *See* TEX. R. EVID. 802. Because defense counsel did not object on Sixth Amendment grounds, appellant's issue does not comport with the objection made at trial. *See Martinez*, 91 S.W.3d at 335; *Eustis v. State*, 191 S.W.3d 879, 886 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding hearsay objection did not preserve Confrontation Clause claim); *see also Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) ("Even constitutional errors may be waived by failure to object at trial."). We overrule appellant's second issue for that reason.

### III. MODIFICATION OF JUDGMENT

The judgment of conviction in this case states in part "Plea to Enhancement Paragraphs: n/a" and "Findings on Enhancement: n/a." The record clearly reflects, however, that appellant pleaded true to two enhancement allegations, and the jury found them true, thereby enhancing appellant's punishment to second-degree felony range. *See* TEX. PENAL CODE ANN. § 12.42(a). We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify

11

the judgment of conviction to reflect that appellant pleaded true to, and the jury found as true, the two enhancement allegations.

## IV. CONCLUSION

We affirm the judgment of the trial court as modified herein.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of June, 2019.